**UNITED STATES BANKRUPTCY COURT**
**WESTERN DISTRICT OF KENTUCKY**

| | | |
|---|---|---|
| In re: | ) | |
| | ) | |
| HOWARD MCFADDEN | ) | CASE NO. 09-30765 |
| | ) | CHAPTER 7 |
| Debtor(s) | ) | |
| _____ | ) | |

**MEMORANDUM**

This case came before the Court on the Court's sua sponte Order directing the bankruptcy petition preparer, Robin Davidson ("Davidson"), to appear and show cause why she should not be enjoined from filing any further petitions or other papers in this Court for engaging in the unauthorized practice of law and violating 11 U.S.C. §110 and why the monies paid to her by the debtor in the sum of Four Hundred Dollars ($400.00) for document preparation services should not be refunded to the debtor ("Show Cause Order"). At the hearing held on April 28, 2009, Mr. Scott Goldberg appeared on behalf of the United States Trustee and Davidson appeared on her own behalf. At the hearing, the Court granted Davidson until May 8, 2009, to file a written response to the Show Cause Order. On April 29, 2009, Davidson filed numerous documents.

I.  **FINDINGS OF FACT**

1.  Howard McFadden (the "debtor") filed for Chapter 7 bankruptcy relief on February 20, 2009.

2.  Davidson acted as the bankruptcy petition preparer and was paid $400.00 for her services.

3.  One of the documents filed by Davidson can best be characterized as a time sheet listing the dates and activities undertaken by Davidson on behalf of the debtor. Some of the entries are as follows:

    a.  "Appointment February 8th @ 6pm - 10pm 4 hours - Pre Bankruptcy Questionnaire: See (K) ran credit report number: See (L) #178419319 Charged $14.95"

    b.  "February 17th mailed the original Bankruptcy forms via certified mail - Have if needed"

    c.  "February 23rd received call about consumer debtor form not being filed with the

        court. Also that Mr. McFadden has until 3/9/09 to provide the court with his credit counseling certificate"

d.   "February 28th received a call about trouble logging on to credit counseling. I told them to call them and they would be able to help. March 8th received a call that the credit counselors would not email to them their verification. Martina asks that I give them a call."

e.   "March 8th contacted CCCS services and asked for the bankruptcy department, told them I was a non attorney preparer but my clients said they had to have the certificate in by tomorrow and needed that faxed. They asked for me to call Mr. McFadden and have him call back and ask for Regenia Lear. "

f.   "March 8th Called Mr. McFadden telling him to call as asked my MS. Lear (sic)"

g.   March 8th completed the Notice to Consumer Debtor as requested by Mr. McFadden: See (M)"

h.   "March 10th received a call from Martina Dillon that she had the Certificate of Credit Counseling and could scan and email but need the documents faxed to the clerk asked me to fax on Mr. McFadden's behalf: See (N)"

i.   "March 10th I faxed to the Clerk at the Bankruptcy court the documents provided to me of that email. My office charges $1.25 per sheet to me for said faxes: See (O)"

j.   "March 17th received a call from Martina Dillon stating Howard needed amendments. I agreed to prepare via phone conversation anything they needed, provided they provide me with all documentation needed to complete the amendments: See (P)"

k.   "March 18th received an email from Leonard Rowe with an attachment on what amendments the court wished to receive. The email simple (sic) stated Martina Dillon with attachments: See (Q)"

l.   "March 18th called Martina Dillon asking for Mr. McFadden's changes to complete amendments"

m.   "March 23rd received an email form Martina with instructions to complete Mr.

        McFadden's amendments: See (R)"

n.   "March 23rd called and spoke to Martina and explained I still was missing Howard's 2007 and 2008 income to complete the amendment on Financial Affairs."

o.   "April 2nd received a call from Martina Dillon and per phone conversation received 2006, 2007 and 2008 tax information for Mr. McFadden's Financial Affairs amendment. Along with current YTD information: See (S)"

p.   "April 9th Started Amendments according to all information received. Not completely finished with the amendments waiting until tomorrow's meeting with them."

4.   The Exhibit R referred to by Davidson consists of an e-mail from Martina McFadden to Davidson directing Davidson to "add all of Howard's personal property to the admendments (sic) that you are working on under excemptons (sic)."

## II.   CONCLUSIONS OF LAW

The Court must determine whether Davidson's actions violated 11 U.S.C. § 110. The Court's concern with this matter is twofold. First, whether the fee charged by Davidson is reasonable for the services of a bankruptcy petition preparer. Second, whether Davidson's conduct surpasses that of a bankruptcy preparer and includes activities that constitute the unauthorized practice of law.

The Court first addresses whether the $400.00 fee charged by Davidson is reasonable. Pursuant to 11 U.S.C. § 110(h)(3), the Court shall disallow any fee charged by the preparer that exceeds the value of the services rendered. While Davidson's services had some value, the Court must determine if the $400.00 fee charged exceeds the value of the services provided. In 2001, another jurist from this District held that preparers should be paid an hourly fee of $20.00 and that a preparer should be able to complete a routine petition in five hours. Thus, the most a petition preparer should charge would be $100.00. <u>In re Moffett</u>, 263 B.R. 805 (Bankr. W.D. Ky. 2001). Even with eight years of inflation, this Court does not believe that petition preparers should be paid more than $25.00 per hour. Furthermore, even with the changes to the Bankruptcy Law, the time to complete a routine petition should not exceed five hours, especially considering the technological advancement in electronic filing. Using these figures, any compensation above $125.00 is unreasonable and Davidson

will be ordered to refund $275.00 to the debtor, representing the unreasonable portion of the fee charged.

Next, and more troubling, the Court must determine whether Davidson engaged in the unauthorized practice of law. Kentucky Supreme Court Rule 3.020 prohibits the practice of law by anyone without a license issued by the Supreme Court of Kentucky. Kentucky Supreme Court Rule 3.020 defines the "practice of law" and states in pertinent part as follows:

> The practice of law is any service rendered involving legal knowledge or legal advice, whether of representation, counsel or advocacy in or out of court, rendered in respect to the rights, duties, obligations, liabilities, or business relations of one requiring the services.

Section 110 of the Bankruptcy Code provides very strict standards for bankruptcy petition preparers and subsection (e)(2)(A) of that section expressly prohibits a bankruptcy petition preparer from offering any legal advice. Indeed, the "type of compensable services that a bankruptcy petition preparer can render are extremely limited." In re Guttierez, 248 B.R. 287, 296, n. 25 (Bankr. W.D. Tex. 2000). The Guttierez court further explained,

> So what does § 110 tacitly permit? The answer in a nutshell is "not much." Section 110 itself proscribes virtually all conduct falling into the category of guidance or advice, effectively restricting "petition preparers" to rendering only "scrivening / typing" services. Anything else-be it suggesting bankruptcy as an available remedy for a debtor's financial problems, merely explaining how to fill out the schedules, or answering questions about exemptions or whether a claim is or is not secured will invariably contravene either state laws proscribing the unauthorized practice of law or other more specific provisions of § 110. The only service that a bankruptcy petition preparer can safely offer and complete on behalf of a pro se debtor after the enactment of § 110 is the "transcription" of dictated or handwritten notes prepared by the debtor prior to the debtor having sought out the petition preparer's service. Any other service provided on behalf of the debtor by a non-attorney (even telling the debtor where the information goes on the form) is not permitted under state unauthorized practice of law statutes, and so is also not authorized by § 110.

Id. at 297-298. Another decision, In re Bachmann, 113 B.R. 769 (Bankr. S.D. Fla. 1990), has been cited by this Court as setting forth the services which a petition preparer may provided. In In re Lyvers, 179 B.R. 837 (Bankr. W.D. Ky. 1995), this Court adopted the guidelines set forth in the Bachmann decision for determining permissible services. These guidelines limit preparers to only

copying the written information furnished by the clients. Preparers may not advise clients as to the various remedies and procedures available. Moreover, preparers may not make inquiries nor answer questions as to the completion of certain forms nor advise how to best fill out forms or complete schedules. Preparers may not engage in personal legal assistance, including correcting errors and omissions. Id. at 841.

Clearly the time sheet entries set out above demonstrate that Davidson acted well beyond simply typing the debtor's petition. Petition preparing does not include running a credit report for the debtor. Preparers do not mail documents on behalf of the debtor. Preparers do not advise clients on how to address credit counseling problems. Preparers do not make phone calls on the debtor's behalf. Preparers do not fax documents to the court or anyone else on behalf of the debtor. Preparers do not draft amendments to schedules for the debtor, or at most simply type exactly what they are told by the debtor. It is clear to this Court that Davidson has engaged in conduct which constitutes the unauthorized practice of law and that her activities violated the provisions of 11 U.S.C. § 110.

Petition preparers who fail to comply with section 110 are subject to the imposition of several penalties. Pursuant to 11 U.S.C. § 110(i)(1), if a petition preparer "violate[d]" section 110 or committed any "fraudulent, unfair, or deceptive" act, the bankruptcy court shall order the petition preparer to pay the debtor "(A) the debtor's actual damages; (B) the greater of (i) $2,000; or (ii) twice the amount paid by the debtor to the bankruptcy petition preparer for the preparer's services; and (C) reasonable attorneys' fees and costs in moving for damages under this subsection." Furthermore, pursuant to 11 U.S.C. § 110(h)(3)(B), the bankruptcy court may order a petition preparer to disgorge all fees that were received in a case in which the petition preparer failed to comply with subsections (b), (c), (d), (e), (f), or (g) of section 110. The bankruptcy court may also fine a petition preparer up to $500 for each failure to comply with (b), (c), (d), (e), (f), (g), or (h) of section 110. 11 U.S.C. § 110(l)(1). Finally, the bankruptcy court may enjoin a person from acting as a petition preparer if the petition preparer "continually engaged" in (1) "conduct in violation of [section 110] or any provision of [the Bankruptcy Code]," (2) misrepresentations of the "preparer's experience or education as a bankruptcy petition preparer" or (3) "other fraudulent, unfair, or deceptive conduct." 11 U.S.C.

§ 110(j)(2)(B).

As can be seen from the language above, the Court has several options or remedies available if a petition preparer violates 11 U.S.C. § 110. In this instance, the Court will only impose a *de minimis* $125.00 fine on Davidson for her unauthorized practice of law. The Court will not bar Davidson from future petition preparing, however, future misconduct will result in monetary sanctions coupled with a permanent injunction barring any such work in this District. The Court shall enter an Order this same date in accordance with the holding of this Memorandum.

David T. Stosberg
United States Bankruptcy Judge

Dated: May 14, 2009

**UNITED STATES BANKRUPTCY COURT**
**WESTERN DISTRICT OF KENTUCKY**

| | |
|---|---|
| In re: ) | |
| ) | |
| HOWARD MCFADDEN ) | CASE NO. 09-30765 |
| ) | CHAPTER 7 |
| Debtor(s) ) | |
| _____) | |

## ORDER

Pursuant to the Court's Memorandum entered this same date and incorporated herein by reference, and the Court being otherwise sufficiently advised,

**IT IS ORDERED** that Robin Davidson refund to the debtor $400.00 no later than May 31, 2009.

David T. Stosberg
United States Bankruptcy Judge

Dated: May 14, 2009